UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

                Plaintiff,        Civil Action No. 16-12735
                                       Honorable Linda V. Parker
                                       Magistrate Judge David R. Grand
v.

MATTHEW RYAN, SGT. SABBI,
SERINA KELLEY, JEFFREY MORIN,
MICHEAL CONNELLY, JAMES CRAIG,
CITY OF DETROIT MAYOR DAVE
BING, and JOHN DOES 1-2,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS CITY OF DETROIT MAYOR'S
AND JAMES CRAIG'S MOTION TO DISMISS [22]**

Before the Court is a Motion to Dismiss[1] filed by Defendants "City of Detroit Mayor" (the "Mayor") and Chief of Police James Craig ("Chief Craig") (collectively "Defendants") on October 10, 2016.  (Doc. #22).  *Pro se* Plaintiff Rodney Rogers ("Rogers") filed a response to this motion on November 29, 2016 (Doc. #34), and Defendants filed a reply on December 19, 2016 (Doc. #37).  An Order of Reference was entered on August 19, 2016, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b).  (Doc. #9).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody.  *See* E.D. Mich. L.R. 7.1(f).  Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

---

[1] Although the motion is captioned as one for summary judgment, Defendants rely on Fed. R. Civ. P. 12(b)(6), and the motion is more properly analyzed under that rule.

**I.      RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss [**22**] be **GRANTED**.

**II.     REPORT**

    **A.     Background**

Rogers is a State of Michigan prisoner who is currently confined at the Carson City Correctional Facility in Carson City, Michigan. (Doc. #28 at 1). He brings this civil rights action pursuant to 42 U.S.C. §1983 against various Detroit Police Department ("DPD") officers, as well as Chief Craig and the Mayor. (*Id.* at 1-2).

In his Amended Complaint, Rogers alleges that, on July 19, 2013, "a disagreement occurred between [Rogers] and the mother of his child Ms. Yvette Taylor," at which point the DPD was called for assistance. (*Id.* at ¶¶1-2). Rogers further alleges that when the DPD officers arrived, Ms. Taylor "had begun stabbing [him] multiple times with a steak knife" and that, nevertheless, certain officers ordered him to the ground, refused his pleas for medical assistance, and applied "pain compliance techniques" to subdue him, despite the fact that he was not resisting. (*Id.* at ¶¶3-8). Rogers then alleges that he was charged with aggravated domestic assault, attempted assault on a police officer, and resisting arrest, and was taken into police custody. (*Id.* at ¶13). According to Rogers, the charges were subsequently dismissed, but he claims Defendants used those charges to turn him over to the Michigan Department of Corrections for parole violations. (*Id.* at ¶¶13-14).

Rogers now brings the instant action, alleging that the officers' actions constituted excessive force, malicious arrest, unlawful detention, "deliberate indifferent," assault and battery, and intentional infliction of emotional distress, in violation of state and/or federal laws.

(*Id.* at ¶¶38-42, 46). With respect to the Mayor and Chief Craig, Rogers alleges that they "have a duty to conduct at least a "<u>Minimal Investigation</u>" when confronted with evidence of "<u>Police Misconduct</u>" and that they are "liable for failing to perform this duty …." (*Id.* at ¶44 (emphasis in original)). The Mayor and Chief Craig now bring the instant motion, arguing (1) that Rogers' §1983 claims against them should be dismissed because Rogers has not "pled that they encouraged or participated in Plaintiff's allegedly illegal arrest, prosecution, and detention"; and (2) that Rogers' state law tort claims against them should be dismissed because they are statutorily immune from civil suit for such claims. (Doc. #22).

**B.     Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the

factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### C. Analysis

#### 1. Rogers' §1983 Claims

In his amended complaint, Rogers brings claims under 42 U.S.C. §1983 for violation of his Constitutional rights. In order to demonstrate liability under §1983, a plaintiff must first establish that each named defendant acted under color of state law and that his or her actions violated rights secured by the Constitution and/or laws of the United States. *See Baker v. McCollan*, 443 U.S. 137 (1989). The plaintiff also must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, §1983 liability cannot be premised upon mere allegations of *respondeat superior*; rather, in order for a party to be held liable under §1983, there must be a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's awareness of a

complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). In other words, liability under §1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, the only allegations Rogers makes as to Defendants are (1) that after Rogers notified Chief Craig of the DPD officers' alleged use of excessive force, Chief Craig failed to investigate these allegations or hold "anyone accountable for their unconstitutional act"; (2) that Chief Craig "was notified of the facts, circumstances, and perpetrators herein and refused to respond to plaintiff's letter or others' calls, order an investigation, or discipline guilty officers"; and (3) that Defendants failed to perform even a minimal investigation into Rogers' allegations of excessive force and/or police misconduct, or to discipline the officers involved for such conduct. (Doc. #28 at ¶¶25, 30, 44).

In fact, in response to Defendants' motion to dismiss, Rogers does nothing more than repeat the same type of allegations against these Defendants. Specifically, Rogers asserts that, in 2014, he "sent notification" to Chief Craig "of his Subordinate's misconduct for use of force"; that Chief Craig "personally participated by failing to investigate, or discipline his officers for their unlawful acts against the Plaintiff after being notified of their actions"; and that Chief Craig failed to discipline the DPD officers "for their unconstitutional acts of using excessive force." (Doc. #34 at 5, 10). Rogers further asserts in response to Defendants' motion to dismiss that the Mayor should be held liable under §1983 because he "knew of these officers [sic] use of force incident report's [sic] and failed to order an investigation …." (*Id.* at 5).

Taking all of Rogers' allegations against the Mayor and Chief Craig as true, it is clear that none of these allegations establish the requisite level of "personal involvement" required to

5

impose §1983 liability against these Defendants. Indeed, Rogers' allegations against these Defendants are nothing more than a classic attempt to improperly impose *respondeat superior* liability on individuals who did not themselves directly participate in the alleged use of excessive force. *See Shehee*, 199 F.3d at 300 (holding that "§1983 liability must be based on more than *respondeat superior*, **or the right to control employees**.") (emphasis added) (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Rogers is essentially asserting that the Mayor and Chief Craig failed to adequately supervise, control, or train the DPD officers who allegedly engaged in the conduct at issue, and/or that they failed to take action when Rogers brought the officers' alleged conduct to their attention. Under settled Sixth Circuit law, however, Defendants can only be held liable on such a claim if they "either encouraged **the specific incident of misconduct or** in some other way **directly participated in it**." *Hays*, 668 F.2d at 874 (emphasis added). Here, the "specific incident of misconduct" took place on July 19, 2013, when certain DPD officers allegedly used excessive force in arresting Rogers and otherwise unlawfully detained him. (Doc. #28 at ¶¶3-8, 13-14). Rogers does not allege that either the Mayor or Chief Craig was present at the time of these events, knew of their occurrence at the time they were happening, or actively encouraged the actions of any of the individual DPD officers. Accordingly, Rogers has not alleged the requisite "personal involvement" by the Mayor or Chief Craig in "the specific incident of misconduct," and they cannot be liable to him under §1983. *See Dykes-Bey v. Winn*, 2014 WL 2894349, at *2 (E.D. Mich. June 26, 2014) ("… merely arguing that a supervisor was aware of allegedly unconstitutional conduct but did not take appropriate corrective action is insufficient to impose liability on supervisory personnel under §1983.").

### 2. *Rogers' State Law Tort Claims*

To the extent Rogers pleads state law tort claims against the Mayor and/or Chief Craig – which is unclear, as he does not specifically allege that they personally engaged in any of the actions at issue – Defendants are entitled to statutory immunity from such claims. MCL §691.1407(5) provides that: "A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." Courts have interpreted this provision to afford immunity to both mayors and police chiefs in situations like this where they are alleged to have failed to properly train and/or supervise police officers, resulting in alleged assault and battery, false arrest, and other state law torts. *See, e.g., Anjorin v. City of Detroit*, 2015 WL 1498466, at *5 (E.D. Mich. Mar. 31, 2015) (police chief immune from liability under MCL §691.1407(5) where there was no allegation he had any direct involvement in the events at issue in the case, and the only allegations were related to his failure to train and/or supervise individual officers); *Bennett v. Detroit Police Chief*, 274 Mich. App. 307, 319 (2006) (City of Detroit mayor enjoys governmental immunity from tort liability when involved in a governmental function). Thus, it is clear that Rogers' state law claims against the Mayor and Chief Craig should also be dismissed.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss [**22**] be **GRANTED**.

Dated: March 27, 2017             s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager