UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

                Plaintiff,                Civil Action No. 16-12735
                                              Honorable Linda V. Parker
                                              Magistrate Judge David R. Grand
v.

MATTHEW RYAN, SGT. SABBI,
SERINA KELLEY, JEFFREY MORIN,
MICHEAL CONNELLY, JAMES CRAIG,
CITY OF DETROIT MAYOR DAVE
BING, and JOHN DOES 1-2,

                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE [51]

### and

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS SABBI AND CONLEY WITHOUT PREJUDICE FOR FAILURE TO TIMELY EFFECTUATE SERVICE

### I.    PROCEDURAL HISTORY

On July 19, 2016, *pro se* Plaintiff Rodney Rogers ("Plaintiff") filed his complaint in this case, pursuant to 42 U.S.C. § 1983, against several defendants. (Doc. #1). On August 19, 2016, this case was referred to the undersigned for all pretrial purposes. (Doc. #9).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the District Court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate

service on the defendants once the plaintiff has properly identified them in the complaint. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

On August 16, 2016, the Court entered an order directing service of Plaintiff's complaint on the defendants at the addresses provided by Plaintiff in his complaint. (Doc. #6). However, on September 8, 2016, waivers of service for Defendants Sgt. Sabbi, Michael Conley, and Jeffrey Morin were returned unexecuted. (Docs. #10-12).

Consequently, on September 23, 2016, this Court issued an Order directing Plaintiff to provide better addresses for these three defendants by October 20, 2016. (Doc. #17). In that Order, Plaintiff was cautioned that, if he failed to do so, he may be required to show cause why this action should not be dismissed without prejudice as against these defendants. (*Id.*).

Subsequently, on October 31, 2016, Plaintiff submitted a letter to the Court, in which he provided a new address at which he believed Defendants Sabbi, Conley, and Morin could be served (5100 E. Nevada, Detroit, Michigan 48234). (Doc. #29). As a result, on November 9, 2016, the Court issued an Order directing service of Plaintiff's amended complaint on these three individuals at that address. (Doc. #32).

Although service was attempted via certified mail on Defendants Sabbi, Conley, and Morin at this address, it was not properly effectuated. In the meantime, however, the Court was provided additional information regarding the correct address for Defendant Morin and, by separate order, directed the U.S. Marshal to personally serve this individual. (Doc. #46). Defendant Morin has now been served and filed an answer in this case. (Doc. #56).

With respect to Defendants Sabbi and Conley, however, the Court was advised that these individuals are not current employees of the Detroit Police Department ("DPD"), and that the DPD has no last known addresses for them. Accordingly, on March 27, 2017, Plaintiff was

ordered to show cause, in writing, by April 17, 2017, why his complaint should not be dismissed without prejudice as against these individuals. (Doc. #45). Plaintiff was again advised that it is his responsibility to supply the Court with the correct name and address of these defendants and/or to show cause why this action should not be dismissed, without prejudice, as against them. (*Id.*).

On April 11, 2017, Plaintiff filed a document entitled "Motion for Alternate Service Should the Assigned U.S. Marshalls [sic] be Unsuccessful in Proper Service of the Complaint." (Doc. #51). In his motion, which also appears to serve as his response to the Court's Order to Show Cause (Doc. #45), Plaintiff does not provide the Court with correct addresses for Defendants Sabbi or Conley. Instead, Plaintiff asks the Court to issue subpoenas to his former parole agent, Edward Parker, and/or Defendant Serina Kelley, requiring one or both of these individuals to provide the last known addresses for Defendants Sabbi and Conley. (Doc. #51 at 7). In the alternative, Plaintiff asks the Court to order "service by publication or any alternate method of service provide[d] by the Rules of Civil Procedures [sic]." (*Id.*).

## II. ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

It has now been more than nine months since Plaintiff filed his complaint in this case, and despite being given multiple opportunities, he has been unable to provide the Court with correct addresses where Defendants Sabbi or Conley can be served. The Court has been patient with Plaintiff as he has provided differing addresses for these defendants, and the Court has exhausted its resources in assisting Plaintiff with his attempts at service in this case. Ultimately, however, it remains Plaintiff's burden to provide the Court with the necessary information to accomplish service on these individuals, and he has failed to do so, despite being given multiple opportunities over the course of several months. The Court will deny Plaintiff's requests that Defendants Serena Kelley and/or Plaintiff's former parole officer (Parker, a non-party) be ordered to provide the addresses of these defendants and/or that the Court order alternate service by publication. There is no evidence before the Court at this time to suggest that either approach would be fruitful in terms of accomplishing service on Sabbi or Conley.[1]

Plaintiff is certainly free to seek information through the discovery process about Sabbi's and Conley's employment status and DPD's contention that it has no last known address for him. If Plaintiff is able to obtain new address information for Sabbi and/or Conley, he may then move to amend his complaint to include them as defendants or file a new action against them.

In summary, at this point in the litigation, with all of the other defendants having been served, the case simply must go forward with respect to those defendants. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Plaintiff's complaint

---

[1] Plaintiff's motion references an "attachment Exhibit 1 of Parole Violation Report," which he contends supports his request for the Court to order Parker and Kelly to provide information about Conley's last known address. Although no such attachment was included with Plaintiff's motion, it appears that the document Plaintiff references may have been attached to a prior filing. (Doc. #41 at 6). Regardless, although this document contains Parker's address, it gives no indication that either Parker or Kelly would have the information he seeks about Defendants Sabbi and Conley. Moreover, publication is inappropriate because Plaintiff has not shown where the publication should be made to reasonably assure it would reach Sabbi and/or Conley.

against Defendants Sabbi and Conley be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** that Plaintiff's Motion for Alternate Service (**Doc. #51**) is **DENIED**. The Court further **RECOMMENDS** that Plaintiff's complaint against Defendants Sabbi and Conley be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: May 3, 2017  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be

concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2017.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager