UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY D. ROGERS

    Plaintiff,

v.

    Case No. 16-12735
    Honorable Linda V. Parker

MATTHEW RYAN, SGT. SABBI,
SERINA KELLEY, JEFFREY MORIN,
MICHAEL CONLEY, JAMES CRAIG,
CITY OF DETROIT MAYOR DAVE BING,
and JOHN DOES 1-2,

    Defendants.
_____/

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MAY 3, 2017 REPORT AND RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS SABBI AND CONLEY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

On July 19, 2016, Plaintiff filed this civil rights action against Defendants. The matter presently is before the Court due to Plaintiff's failure to provide the Court with a proper address to serve Defendants Sergeant Sabbi and Michael Conley and on Plaintiff's motion for alternate service on these defendants. This matter has been referred for all pretrial matters to Magistrate Judge David R. Grand.

On May 3, 2017, Magistrate Judge Grand issued an order denying Plaintiff's motion for alternate service and a report and recommendation ("R&R") recommending that this Court dismiss without prejudice Plaintiff's Complaint against Defendants Sabbi and Conley for failure to timely effectuate service pursuant to Rule 4(m) of the Federal

1

Rules of Civil Procedure. (ECF No. 57.) At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on May 16, 2017.

## Standard of Review

A party may object to a magistrate judge's non-dispositive orders, such as Magistrate Judge Grand's order denying Plaintiff's motion for alternate service. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D.

2

Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

The Court has reviewed Plaintiff's objections to Magistrate Judge Grand's decision denying his motion for alternate service and is not convinced that the ruling is clearly erroneous or contrary to law. As Magistrate Judge Grand concluded, the Parole Violation Report, dated July 24, 2013, does not suggest that Plaintiff's former parole agent, Edward Parker, and/or Defendant Serina Kelley have information with respect to the last known address(es) for Defendants Sabbi or Conley, other than their address with the Detroit Police Department ("DPD") where they no longer are employed. Further, Plaintiff fails to show where publication could be made to reasonably assure that Defendants Sabbi and Conley receive notification of this lawsuit.[1] Therefore, this Court is affirming Magistrate Judge Grand's decision denying Plaintiff's motion for alternate service.

With respect to Magistrate Judge Grand's recommendation to dismiss without prejudice Plaintiff's Complaint against Defendants Sabbi and Conley, the Court has made

---

[1] Michigan Court Rule 2.105(I) allows for service of process pursuant to an alternate manner provided it is "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."

a *de novo* determination of those portions of the R&R to which Plaintiff objects and reaches the same conclusion as Magistrate Judge Grand. As to Plaintiff's first objection, there is nothing to suggest that the source of Defendant Morin's address will reveal Defendants Sabbi's or Conley's addresses. Unlike Defendants Sabbi and Conley, Defendant Morin remains a DPD employee and thus DPD could provide a new address for him. As to Plaintiff's second and third objections, he fails to show that Parole Agent Parker or Defendant Kelley can provide a last known address for Defendants Sabbi or Conley other than what already has been provided or what manner of publication will reasonably assure that they receive notice of this lawsuit.

The Court, therefore, is rejecting Plaintiff's objections to the R&R and adopting Magistrate Judge Grand's recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** against Defendants Sergeant Sabbi and Michael Conley pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and these defendants are **DISMISSED AS PARTIES** to this lawsuit.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 7, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager