UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

    Plaintiff,

v.

MATTHEW RYAN, SGT. SABBI,
SERINA KELLEY, JEFFREY MORIN,
MICHAEL CONNELLY, JAMES CRAIG,
CITY OF DETROIT MAYOR DAVE BING,
and JOHN DOES 1-2,

    Defendants.
_____/

Civil Case No. 16-12735
Honorable Linda V. Parker

## OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S MARCH 27, 2017 REPORT AND RECOMMENDATION (ECF NO. 49) AND (2) REJECTING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION AND MARCH 27, 2017 ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983, which arises from Plaintiff's arrest on July 19, 2013. Defendants City of Detroit Mayor and the chief of the city's police department, James Craig, filed a motion to dismiss on October 10, 2016. (ECF No. 22.) Plaintiff filed a motion to file a second amended complaint on January 17, 2017. (ECF No. 39.) In his motion, Plaintiff seeks to add the City of Detroit as a defendant. This matter has been

referred to Magistrate Judge David R. Grand for all pretrial matters pursuant to 28 U.S.C. § 636(b).  (ECF No. 9.)

On March 27, 2017, Magistrate Judge Grand issued an order denying Plaintiff's motion to file a second amended complaint.  (ECF No. 48.)  Magistrate Judge Grand concludes that Plaintiff's proposed amendment would be futile, as he fails to allege a city policy, custom, or practice that caused the alleged violations of his constitutional rights by individual City of Detroit police officers.  (*Id.*)  On the same date, Magistrate Judge Grand issued a Report and Recommendation ("R&R"), recommending that this Court grant the mayor's and police chief's pending motion to dismiss.  (ECF No. 49.)  Magistrate Judge Grand reasons that Plaintiff fails to allege facts establishing the personal involvement of either defendant in the alleged constitutional violations.  (*Id.*)  To the extent Plaintiff is asserting state law claims against these individuals, Magistrate Judge Grand reasons that they are immune under Michigan Compiled Laws § 691.1407(5).

At the conclusion of these decisions, Magistrate Judge Grand informs the parties that they have fourteen days in which to file objections.  Plaintiff filed objections to the Order and R&R on April 13, 2017.  (ECF No. 53.)

In his objections, Plaintiff asserts that the mayor and chief of police are liable for failing to investigate the officers in response to his complaint of their unlawful conduct.  Plaintiff claims that this is a pattern and practice within the city.

2

More specifically, he writes that "the Detroit Police department has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials to discipline, closer or restraint." (*Id*. at 6.) He claims that this led to the alleged violations of his constitutional rights by the individual police officers. Plaintiff, however, offers no facts to establish that the city or its police department had a policy in 2013 (when Plaintiff was arrested) of failing to investigate citizen complaints. Boilerplate statements claiming that the city has a custom of making and tolerating false arrests and/or of using excessive force are insufficient to state a claim of municipal liability under *Monnell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]"). Absent such a policy, the failure to investigate Plaintiff's complaint cannot establish the liability of the mayor, chief of police, or city. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005) (The plaintiffs "must show not only that the investigation was inadequate,

---

[1] In his objections, Plaintiff asserts five "systematic flaws" in the city's police department. (*See* ECF No. 53 at 7.) These are taken verbatim from the complaint in *Triano v. Town of Harrison, N.Y.*, 895 F. Supp. 2d 526 (S.D.N.Y. 2012), a case Plaintiff cites in his objections. Interestingly, however, the district court in *Triano* found these allegations insufficient to survive the defendant's motion to dismiss. *Id*. at 536-37. The court held that the allegations were devoid of the required factual content "that allows the court to draw the reasonable inference that the defendants are liable on municipal liability claims." *Id*. at 538 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff does not offer facts supporting the allegations either.

3

but that the flaws in this particular investigation were representative of (1) a clear and persistent pattern of illegal activity, (2) which the [police d]epartment knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the [d]epartment's custom was the cause of the [unconstitutional activity].").

For these reasons, the Court rejects Plaintiff's objection to Magistrate Judge Grand's March 27, 2017 decisions.

Accordingly,

**IT IS ORDERED** that the motion to dismiss filed by the City of Detroit Mayor and Chief of Police James Craig (ECF No. 22) is **GRANTED** and these defendants are **DISMISSED** as parties to this case.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: June 26, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 26, 2017, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager