UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

    Plaintiff,

v.

MATTHEW RYAN, SGT. SABBI,
SERINA KELLEY, JEFFREY MORIN,
MICHAEL CONNELLY, JAMES CRAIG,
CITY OF DETROIT MAYOR DAVE BING,
and JOHN DOES 1-2,

    Defendants.
_____/

Civil Case No. 16-12735
Honorable Linda V. Parker

## **OPINION AND ORDER**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 on July 19, 2016, which arises from Plaintiff's arrest three years earlier. The Court has referred the matter to Magistrate Judge David R. Grand for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9.) On September 28, 2017, Plaintiff filed a Motion for Temporary Restraining Order or Preliminary Injunction. (ECF No. 73.) In the motion, Plaintiff asks the Court to order the Michigan Department of Corrections (MDOC) to return him to a facility at 17600 Ryan Road in Detroit, Michigan, rather than a facility at 682 Oak Leaf Lane in Baldwin, Michigan, because the Baldwin facility lacks a law library.

On October 12, 2017, Magistrate Judge Grand issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff's motion. (ECF No. 78.) As Magistrate Judge Grand explains in a separate order issued on the same date addressing a discovery motion filed by Plaintiff, MDOC already had transferred Plaintiff to the Baldwin facility. (ECF No. 77 at n.1.) Magistrate Judge Grand further concludes that because he is extending the discovery deadline, Plaintiff will have adequate time to conduct all remaining discovery, regardless of whether he has access to a law library at the facility where he is incarcerated. (*Id.*)

MDOC's Offender Tracking Information System ("OTIS") reflects that subsequent to the issuance of Magistrate Judge Grand's decisions, Plaintiff was released on parole and absconded from parole on October 9, 2017. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=200836. In light of Plaintiff's parole, this Court finds his Motion for Temporary Restraining Order or Preliminary Injunction moot. The uncertainty as to Plaintiff's whereabouts—as well as whether he will be picked up by authorities, surrender, or returned to prison—means that there is no live controversy as to where MDOC should house him.

Plaintiff's current location is not only unknown to MDOC, it is unknown to the Court and Defendants. Defendants indicated in response to Plaintiff's motion to compel discovery that they in fact served their discovery responses on Plaintiff

on three separate occasions, in part because Plaintiff consistently failed to apprise them and the Court of his current address. (*See* ECF No. 76 at Pg ID 508-09.) The last two mailings to Plaintiff from the Court (ECF Nos. 78, 64) were returned as undeliverable. (ECF Nos. 80, 71.)

A litigant has the burden of advising the court and the parties of any change of address. *See, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."); *Taylor v. Warren Cty. Reg'l Jail*, No. 91-5463, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same). Indeed, Eastern District of Michigan Local Rule 11.2 requires every attorney and pro se party to "promptly" file and serve a notice when the individual's contact information has changed. E.D. Mich. LR 11.2. Local Rule 11.2 also grants the court authority to impose sanctions, including dismissal, if a person or party fails to promptly file current contact information. *Id*. The parties to this litigation were informed of this duty early in the proceedings. (*See* ECF No. 3.)

Due to Plaintiff's failure to apprise the Court and Defendants of his current whereabouts, he has not received Magistrate Judge Grand's October 12, 2017 order setting forth new deadlines for discovery and dispositive motions. Further, without the ability to communicate with Plaintiff, it is impossible for the parties to continue with discovery. As such, Plaintiff is in no position to advance this case.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order …." Fed. R. Civ. P. 41(b) "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Trotter v. Gonzalez*, No. 03-10096, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008) (quoting *Knoll v. Am. Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). A Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address. *Trotter*, 2008 WL 2761019, at *2; *Ortiz v. Donnellon*, No. 11-14154, 2012 WL 1957313, at *1 (E.D. Mich. Apr. 18, 2012) (the court may dismiss action sua sponte pursuant to Rule 41(b) for failure to prosecute).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 73) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff must **SHOW CAUSE**, in writing, on or before **November 21, 2017**, why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 11.2.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 7, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 7, 2017, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager