UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

D. RODNEY ROGERS,

    Plaintiff,

v.

SERINA KELLEY, JEFFREY MORIN,
and JOHN DOES 1-2,

    Defendants.
_____/

Civil Case No. 16-12735
Honorable Linda V. Parker

**<u>OPINION AND ORDER (1) SETTING ASIDE COURT'S DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b) AND REOPENING CASE; (2) ADOPTING MAGISTRATE JUDGE'S OCTOBER 12, 2017 REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION; AND (4) EXTENDING DEADLINES</u>**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 19, 2016. On November 29, 2017, the Court entered an opinion and order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 11.2, due to Plaintiff's failure to keep the Court and Defendants apprised of his current address. Most recently, on October 9, 2017, Plaintiff absconded from parole and thus his whereabouts were unknown. As a result, a Report and Recommendation ("R&R") issued by Magistrate Judge David R. Grand recommending that the Court deny Plaintiff's pending motion for temporary restraining order or preliminary injunction was returned as undeliverable to the Court.

According to Plaintiff, he was picked up by the authorities on December 9, 2107, and re-incarcerated. The Michigan Department of Corrections Offender Tracking Information Service reflects that Plaintiff has been returned to prison for an alleged parole violation. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=200836. On February 13, 2018, this Court received a document from Plaintiff, signed and dated January 30, 2018, in which he asks the Court to be able to pursue this litigation. (ECF No. 86.) Plaintiff claims in this document that he has been updating the Court with his addresses.

The Court construes Plaintiff's submission as a motion for reconsideration of the order dismissing his Complaint and is **GRANTING** the motion. The case shall be **REOPENED** and placed on the Court's active docket. Plaintiff is reminded of his obligation to *promptly* file a notice with the Clerk and serve a copy of the notice on all parties whenever his address or other contact information changes. (*See* ECF No. 3.)

In his recent filing, Plaintiff does not set forth objections to Magistrate Judge Grand's October 12, 2017 R&R, and he has not otherwise filed objections. The deadline for doing so has expired. The Court has carefully reviewed the R&R and concurs with Magistrate Judge Grand's recommendations. As such, the Court **DENIES** Plaintiff's motion for a temporary restraining order or preliminary injunction. (ECF No. 73.)

Finally, on October 12, 2017, Magistrate Judge Grand issued an order extending all remaining deadlines in this case by 120 days. (*See* ECF No. 77.) Plaintiff absconded from parole shortly after the entry of the order and presumably before the parties engaged in any additional discovery. Therefore, the Court is extending those deadlines and establishing the following deadlines to govern this action going forward:

        **DISCOVERY CUTOFF:**        **July 2, 2018**

        **DISPOSITIVE MOTION CUTOFF: August 31, 2018**

As Magistrate Judge Grand advised in his October 12, 2017 decision, **no further extensions of discovery will be granted absent a compelling showing of good cause**.

    **IT IS SO ORDERED**.

                                s/ Linda V. Parker
                                LINDA V. PARKER
                                U.S. DISTRICT JUDGE

Dated: March 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 2, 2018, by electronic and/or U.S. First Class mail.

                                s/ R. Loury
                                Case Manager