UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

    Plaintiff,

v.                                                       Civil Case No. 16-12735
                                                      Honorable Linda V. Parker

MATTHEW RYAN, et al.,

    Defendants.
_____/

**<u>OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS (ECF NO. 117) TO MAGISTRATE JUDGE GRAND'S AUGUST 23, 2018 ORDER (ECF NO. 113) AND AFFIRMING THAT ORDER</u>**

      This civil rights action arises from Plaintiff's arrest in 2013. The Court has referred the matter to Magistrate Judge David R. Grand for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9.) On August 23, 2018, Magistrate Judge Grand issued an order granting in part and denying in part Plaintiff's motions for leave to amend his complaint. (ECF No. 113.) Plaintiff filed objections to Magistrate Judge Grand's decision on September 12, 2018. (ECF No. 117.)

### Standard of Review

      When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ.

1

P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

## Plaintiff's Motions to Amend and Magistrate Judge Grand's August 23, 2018 Order

In his motions to amend his complaint (ECF Nos. 101, 106), Plaintiff sought to add three individuals as defendants (Sergeant Saati, Officer Michael Conley, and Officer Michael O. Brown), the City of Detroit, and the Detroit Police Department ("DPD"). Plaintiff named Sergeant Saati and Officer Conley as defendants in his initial complaint, but he misspelled Saati as "Saabi" and service on someone by that name and Officer Conley could not be accomplished. The Court was informed that neither individual was a current DPD employee, and that DPD had no last known address for them.[1] In his motions to amend the complaint, Plaintiff

---

[1] The Court eventually dismissed "Saabi" and Conley as defendants, due to the inability to serve them. (ECF No. 57.)

2

indicated that through discovery he had identified Officer Brown as the "John Doe #1" defendant named in his initial complaint.

Magistrate Judge Grand granted Plaintiff's request to add Sergeant Saati and Officer Brown as defendants. Magistrate Judge Grand denied Plaintiff's request to rename Officer Conley, however, as no further information was available to accomplish service on him. While Plaintiff claimed that Officer Conley could be served at DPD, Magistrate Judge Grand pointed out that such service would be fruitless because Officer Conley was no longer a DPD employee. Magistrate Judge Grand also denied Plaintiff's request to add the City of Detroit and DPD as defendants, finding that Plaintiff failed to allege sufficient facts to state a *Monell* claim against either entity.

In denying Plaintiff's request to add these municipal defendants, Magistrate Judge Grand first concluded that Plaintiff's request should be construed as a motion for reconsideration rather than a motion to amend, as he previously made the same request which was denied on March 27, 2017. (ECF Nos. 39, 40.) Magistrate Judge Grand indicated that the request was therefore untimely, as a motion for reconsideration must be filed within fourteen days after entry of the order for which reconsideration is sought. *See* E.D. Mich. LR 7.1(h)(1). Magistrate Judge Grand further pointed out that a motion for reconsideration is not an appropriate vehicle for raising new facts or evidence.

3

**Plaintiff's Objections & Analysis**

Plaintiff first objects to Magistrate Judge Grand's statement that Officer Conley is not a DPD employee, pointing to documents Plaintiff obtained in discovery which reflect that he is a DPD officer. Those documents, however, are the report of the 2013 incident from which Plaintiff's claims arise and a detailed report of Officer Conley's activities on that date in 2013. As such, they do not contradict Magistrate Judge Grand's finding that Conley is no longer a DPD employee. Plaintiff does not show how service otherwise can be effectuated on this individual.[2] Thus, the Court finds no error in Magistrate Judge Grand's decision to deny Plaintiff's request to re-name Officer Conley as a defendant.

Plaintiff next objects to Magistrate Judge Grand's characterization of his motion to add the City of Detroit and DPD as defendants as a motion for reconsideration. Plaintiff further objects to Magistrate Judge Grand's conclusion that he alleges insufficient facts to support a *Monell* claim against these defendants. Magistrate Judge Grand did not clearly err.

First, Plaintiff previously moved to add a *Monell* claim, asserting the same "policies" in support of the claim. (*See* ECF No. 39.) As such, he was asking the Court to reconsider its previous decision to deny the amendment. In any event,

---

[2] In his objections, Plaintiff asks the Court to direct Defendants to provide Officer Conley's date of termination and the reason for his termination. Such information, however, will not help identify his whereabouts.

4

Magistrate Judge Grand also evaluated Plaintiff's request to add the City and DPD as defendants under the standard applicable to a motion to amend. Magistrate Judge Grand's conclusion that the amendment would be futile even in the face of the 2003 consent decree--notably ten years before the incident that gave rise to this lawsuit—was neither clearly erroneous nor contrary to law.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Grand's August 23, 2018 decision denying Plaintiff's motions to amend. The Court affirms that decision.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 15, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager