UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 16-12735 |
|  | Honorable Linda V. Parker |
| v. | Magistrate Judge David R. Grand |

MATTHEW RYAN, SERINA KELLEY,
JEFFREY MORIN, RAY SAATI,
and MICHAEL O. BROWN,

Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [104]

*Pro se* plaintiff Rodney Rogers ("Rogers") is a State of Michigan prisoner who is currently confined at the Parnall Correctional Facility in Jackson, Michigan. He brings this civil rights action pursuant to 42 U.S.C. § 1983 against certain Detroit Police Department ("DPD") employees (or former employees) (collectively "Defendants"), alleging, *inter alia*, excessive force, unlawful detention, and deliberate indifference to a serious medical need. On August 19, 2016, this case was referred to the undersigned for all pretrial purposes. (Doc. #9).

On July 16, 2018, Rogers filed a motion for partial summary judgment, arguing that summary judgment in his favor is warranted on his due process claim against DPD Officers Serena Kelley ("Kelley") and Jeffrey Morin ("Morin"). (Doc. #104). Defendants filed a response in opposition to this motion on July 31, 2018 (Doc. #110), and Rogers filed a reply on September 20, 2018 (Doc. #119).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Having reviewed the pleadings and other papers on file,

Case 4:16-cv-12735-LVP-DRG   ECF No. 152, PageID.1808   Filed 12/14/18   Page 2 of 6

the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on

the record, and it declines to order a hearing at this time.

## I.     REPORT

### A.      Factual Background

In his Amended Complaint, Rogers alleges, in relevant part, that, on July 19, 2013, "a

disagreement occurred between [Rogers] and the mother of his child Ms. Yvette Taylor," at which

point the DPD was called for assistance.  (Doc. #28 at ¶¶ 1-2).  Rogers further alleges that when

the DPD officers arrived, Ms. Taylor "had begun stabbing [him] multiple times with a steak knife"

and that, nevertheless, certain officers ordered him to the ground, refused his pleas for medical

assistance, and applied "pain compliance techniques" to subdue him, despite the fact that he was

not resisting.  (*Id.* at ¶¶ 3-8).  Rogers then alleges that he was charged with aggravated domestic

assault, attempted assault on a police officer, and resisting arrest, and was taken into police

custody.  (*Id.* at ¶ 13).  According to Rogers, these criminal charges were subsequently dismissed,

but he alleges that Defendants used those charges to turn him over to the Michigan Department of

Corrections for parole violations, which led to his parole being revoked.  (*Id.* at ¶¶ 13-14).

In the instant motion, Rogers moves for partial summary judgment on his claim that

Officers Morin and Kelley violated his due process rights by making "false and misleading

statements" in their police reports, and by giving (allegedly) false testimony at his parole violation

hearing.  (Doc. #104 at 2, 10).  Specifically, Rogers asserts that:

> … both Jeffrey Morin and Serina Kelley came to the [parole violation]
> hearing and lied about why they arrested me.  The evidence at the hearing
> consisted solely of the so-called testimonies of Serina Kelley and Jeffrey
> Morin, and my testimony.

(*Id.* at 2).  After Rogers' parole violation hearing, the Michigan Parole Board revoked his parole,

finding him guilty of (1) engaging in behavior that was "assaultive, abusive, threatening and/or

intimidating" when he held Taylor against her will; (2) engaging in behavior that was "assaultive,

abusive, threatening and/or intimidating" when he attempted to strike DPD Sergeant Matthew

Ryan with a closed fist; and (3) engaging in behavior "which constitutes a violation of State law

when [he] fled on foot" from DPD officers during the course of a criminal investigation. (*Id.* at

40). Rogers now "seeks summary judgment on his cliams [sic] arising from the denial of due

process" by Officers Morin and Kelley, arguing that but for their allegedly false and misleading

statements, his parole would not have been revoked. (*Id.* at 4, 9).[1]

## B. Analysis

Fed. R. Civ. P. 56(a) states: "The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." A fact is material if it might affect the outcome of the case under governing law.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine

issue of material fact exists, the court assumes the truth of the non-moving party's evidence and

construes all reasonable inferences from that evidence in the light most favorable to the non-

moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Moreover, where

the moving party has the burden of proof (here, the plaintiff), his "showing must be sufficient for

---

[1] Rogers' motion is very difficult to understand, as at multiple points he requests summary judgment on his due process claim (Doc. #104 at 1, 3, 4), while at the end of the motion also seeking summary judgment on his "section 1983 claim for UNLAWFUL ARREST" (*Id.* at 10). With respect to that claim, Rogers asserts that "[d]omestic disputes are by themselves insufficient to establish 'probable cause' for an arrest" (*Id.* at 8); thus, he alleges that Defendants unlawfully arrested him simply because he was present at the scene of a domestic dispute. But, Defendants have provided competing evidence establishing that Rogers was arrested for assaulting and resisting a police officer, not for simply being at the scene. (Doc. #123-1 at 40-41). And, certainly, a "domestic dispute" could be of such a nature that probable cause exists for an arrest. Accordingly, Rogers simply has not shown that no reasonable trier of fact could find in Defendants' favor on this issue. Thus, to the extent Rogers seeks summary judgment on his "unlawful arrest" claim, his motion should be denied. *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

the court to hold that no reasonable trier of fact could find other than for the moving party."
*Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotations omitted).

Applying this legal standard, it is clear that Rogers is not entitled to summary judgment on his claim that Officers Kelley and Morin violated his due process rights by making "false and misleading statements" in their police reports and/or by giving (allegedly) false testimony at his parole violation hearing as to why he was arrested.  (Doc. #104 at 2, 10).  As set forth above, Rogers asserts that, both in their reports and at the hearing, Officers Morin and Kelley repeatedly lied about his attempts to resist arrest and his alleged assault of Sergeant Ryan.  But, Officers Kelley and Morin say just the opposite – namely, that they saw Rogers run away "as officers followed behind giving loud verbal commands to stop"; that despite being ordered to stop, Rogers "continued and broke through the fence"; and that despite commands to put his hands behind his back, Rogers "kept his left arm beneath him[.]"  (Doc. #119 at 12, 22).  Similarly, Sergeant Ryan indicated that when Rogers broke through the wooden privacy fence, he (Sergeant Ryan) grabbed Rogers' tank top, at which point Rogers "turned and swung at him" and "the punch connected with his shoulder."  (*Id.* at 43).  Given these conflicting versions of the facts, Rogers simply has not shown that "no reasonable trier of fact could find other than for [him]" on his claim that Officers Morin and Kelley lied in their reports and at the parole violation hearing.  As such, granting summary judgment in Rogers' favor on this claim is not warranted.[2]

---

[2] Moreover, Rogers' due process claim faces an additional hurdle – whether his claim that Officers Morin and Kelley lied in their police reports *and at his parole revocation hearing* is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In his reply brief, Rogers says only, "In this case there was NO CHARGES filed by the Prosecutor's office . . . Therefore, Plaintiff's Fourth and Fourteenth Amendment claims are NOT barred by Heck []."  (Doc. #119 at 4).  But this ignores *Heck's* potential application in light of the parole violation that was determined against Rogers.

## II.    RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Motion for Partial

Summary Judgment (**Doc. #104**) be **DENIED**.


Dated: December 14, 2018                          s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and

Order, any party may serve and file specific written objections to the proposed findings and

recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P.

72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any

further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will

be preserved for the Court's appellate review; raising some objections but not others will not

preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir.

2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR

72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise,

and should address specifically, and in the same order raised, each issue presented in the

objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager