UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

       Plaintiff,

v.

                                          Civil Case No. 16-12735

MATTHEW RYAN, SGT. SABBI,                Honorable Linda V. Parker
SERINA KELLEY, JEFFREY MORIN,
MICHAEL CONNELLY, JAMES CRAIG,
CITY OF DETROIT MAYOR DAVE BING,
and JOHN DOES 1-2,

       Defendants.
_____/

## OPINION AND ORDER ADDRESSING (1) MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED DECEMBER 14, 2018 [ECF NO. 152] AND ORDERS DATED NOVEMBER 1 AND 15, 2018 [ECF NOS. 131, 134] AND (2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS [ECF NO. 146]

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 on July 19, 2016, which arises from Plaintiff's arrest three years earlier. The Court has referred the matter to Magistrate Judge David R. Grand for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9.) The matter is presently before the Court on Plaintiff's objections to the following:

- Magistrate Judge Grand's Order (ECF No. 134) Denying Plaintiff's "Motion for Duration of Additional Time to Depose Matthew Ryan, Serina Kelley, Jeffrey Morin [and] Production of Documents and Sanctions" (ECF No. 127);

- Magistrate Judge Grand's Report and Recommendation ("R&R") (ECF No. 152) recommending the denial of Plaintiff's motion for partial summary judgment (ECF No. 104); and,

- Magistrate Judge Grand's Order (ECF No. 131) denying Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 118), striking Plaintiff's Second Amended Complaint (ECF No. 126), and ordering Plaintiff to file a second amended complaint consistent with the Court's August 23, 2018 order (ECF No. 113).

(ECF Nos. 145, 146, 154, respectively.)[1]

## Standard of Review

Plaintiff's objections address Magistrate Judge Grand's non-dispositive (ECF Nos. 131, 134) and dispositive (ECF No. 152) rulings. When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm unless the objecting party demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.,*

---

[1] Plaintiff was granted an extension of time to December 3, 2018, to file his objections to Magistrate Judge Grand's November 1, 2018 order addressing Plaintiff's amended pleading and to file his Second Amended Complaint. (*See* ECF No. 136.) He also has moved for an extension of time to file his objections to Magistrate Judge Grand's November 15, 2018 order. (ECF No. 146.) Plaintiff filed those objections on December 7, 2018. (ECF No. 148.) The Court is granting his request to file his objections late.

*Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his November 1, 2018 decision, Magistrate Judge Grand struck a second amended complaint Plaintiff filed because the pleading did not conform to the amendment Magistrate Judge Grand allowed Plaintiff to file in a previous decision. (ECF No. 131, citing ECF No. 113.)  Magistrate Judge Grand also denied Plaintiff's motion for leave to file an additional amendment to his complaint (that is, the addition of seven new defendants), finding that the amendment "would unduly delay the progress of the case and cause Defendants to suffer undue prejudice."  (*Id.* at Pg ID 1528-29.)  Magistrate Judge Grand further found the proposed amendment inconsistent with Plaintiff's claim that there were only two Doe defendants, one of whom had been identified earlier and was the subject of Plaintiff's previous request to amend his complaint.  (*Id.* at 1529.)  Magistrate Judge Grand granted Plaintiff until November 16, 2018 to file a Second Amended Complaint consistent with the court's prior order.  (*Id.* at Pg ID 1527.)

In his objections, Plaintiff argues why he believes the seven individuals should be added as defendants.  He does not demonstrate, however, that Magistrate Judge Grand's decision was "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Magistrate Judge Grand in fact applied the correct legal standard to decide the motion and conclude that the addition of these

new defendants in a case this far advanced would cause undue delay and prejudice.[2]

This Court therefore affirms Magistrate Judge Grand's November 1, 2018 order (ECF No. 131.)

### November 15, 2018 Order (ECF No. 134) and Plaintiff's Objections (ECF No. 148)

In an order entered November 15, 2018, Magistrate Judge Grand decided Plaintiff's motion requesting additional time to depose Defendants Matthew Ryan, Serina Kelley, and Jeffrey Morin, and for the production of documents and sanctions. (ECF No. 134.) Plaintiff had taken the depositions of Ryan and Morin, but sought to continue those depositions beyond the time allowed because, according to Plaintiff, defense counsel employed "tactics" that hindered Plaintiff's ability to ask all necessary questions. Plaintiff requested sanctions due to counsel's interference. Plaintiff also requested a motion to compel Ryan and Morin to produce certain subpoenaed documents they failed to bring to their depositions. Those documents were the incident reports regarding the underlying arrest at issue in this case and the Detroit Police Department's "use of force" manual. Plaintiff was unable to conduct Kelley's deposition because she was called to testify in

---

[2] The lawsuit has been pending for over two years and pursuant to a scheduling order entered May 4, 2017, the deadlines for discovery and dispositive motions were September 30 and November 30, 2017, respectively. (ECF No. 58.)

court in a criminal case; however, the parties had agreed to re-schedule her deposition. When Plaintiff filed his motion, a new date for Kelley's deposition had not been set.

Magistrate Judge Grand denied Plaintiff's request for more time to conduct Ryan's and Morin's depositions and for sanctions because, after reviewing the transcripts from their depositions, he found nothing improper in defense counsel's conduct. (*Id.* at Pg ID 1671-72.) Magistrate Judge Grand denied Plaintiff's request for an order compelling Ryan and Morin to produce certain documents because they testified that the documents were not within their possession, custody, or control and the Federal Rules of Civil Procedure provide that a subpoena may only command the production of such materials. (*Id.* at Pg ID 1673, citing Fed. R. Civ. P. 45(a)(1)(A)(iii).) Finally, Magistrate Judge Grand denied Plaintiff's request for more time to depose Kelley because Plaintiff did not set forth a compelling reason to depose her for longer than the time previously allowed.[3]

Plaintiff makes several assertions in his objections to Magistrate Judge Grand's order. However, none of his assertions address Magistrate Judge Grand's reasons for denying Plaintiff's motion.

---

[3] Magistrate Judge Grand noted that defense counsel had proposed several dates for Plaintiff to conduct Kelley's deposition and expected the parties to work to complete the deposition. (ECF No. 134 at Pg ID 1671 n.2.)

Federal Rule of Civil Procedure 30(d)(1) requires the court to "allow additional time" for a party to conduct a deposition "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Plaintiff fails to specify what additional questions or areas he needs to explore with Ryan or Morin that he was unable to cover during the time already allowed. At the end of the depositions he did conduct, Plaintiff never suggested that he had further questions to ask either individual. In fact, Plaintiff stated that he only had one more question for each deponent, which he was able to ask. (*See* ECF No. 132 at Pg ID 1586-87; ECF No. 133 at Pg ID 1661.) The Court has reviewed the transcripts from both depositions and finds no error in Magistrate Judge Grand's finding that defense counsel did not improperly interfere with Plaintiff's ability to examine Ryan or Morin.

For those reasons, the Court finds no error in Magistrate Judge Grand's denial of Plaintiff's request for more time to depose Ryan or Morin and for sanctions due to improper conduct during the depositions.

With respect to the documents Plaintiff asks the Court to compel Morin and Ryan to produce, Plaintiff is not complaining that *he* has not received the incident reports in discovery. Transcripts from Ryan's and Morin's depositions reflect that Plaintiff in fact has copies. (*See* ECF No. 128 at Pg ID 1500; *see also, e.g.*, ECF No. 132 at Pg ID 1551-52, ECF No. 133 at Pg ID 1624-25.) Rather, Plaintiff's

complaint is that Morin and Ryan did not bring the reports with them to their depositions. However, as Magistrate Judge Grand indicated, "a subpoena may command production only of those documents *within the possession, custody, or control of the deponents*." (ECF No. 134 at Pg ID 1673, citing Fed. R. Civ. P. 45(a)(1)(A)(iii), emphasis added.) As Morin and Ryan both explained during their depositions, the incident reports are created electronically by the officers inputting information into the police department's computer system, where the reports are stored. (ECF No. 132 at Pg ID 1586-87; ECF No. 133 at Pg ID 1653.) Plaintiff appears to acknowledge that the use of force manual is similarly in the police department's possession, not Morin's or Ryan's possession, custody, or control. (ECF No. 148 at Pg ID 1765.) Magistrate Judge Grand did not err in finding that Ryan and Morin cannot be commanded to produce these documents.

For these reasons, the Court affirms Magistrate Judge Grand's November 15, 2018 order.

### December 14, 2018 R&R (ECF No. 152) and Plaintiff's Objections (ECF No. 154)

In his December 14, 2018 R&R (ECF No. 152), Magistrate Judge Grand recommends that this Court deny Plaintiff's motion for partial summary judgment (ECF No. 104). Plaintiff sought summary judgment with respect to his claim that Kelley and Morin violated his due process rights by making "false and misleading statements" in their police reports and giving false testimony at his parole violation

hearing.  (*Id*. at Pg ID 787, 795.)  Because Plaintiff and Defendants provide

contrary evidence with respect to the relevant events and thus there is a genuine

issue as to whether Kelley's and Morin's statements were false or misleading,

Magistrate Judge Grand concluded that summary judgment is not appropriate

under Federal Rule of Civil Procedure 56.  (ECF No. 152 at Pg ID 1810.)

In his objections, Plaintiff contends that there is no dispute that his due

process rights were violated because he was not brought before a magistrate judge

within seventy-two hours after his arrest for a probable cause hearing.  (ECF No.

154 at Pg ID 1820.)  Plaintiff further contends that Defendants have not submitted

any evidence contradicting his claim that he was unlawfully arrested and detained.

(*Id.* at Pg ID 1825-26.)  Plaintiff appears to be arguing as well that Defendants

needed to obtain a warrant to arrest him.  (*Id.* at Pg ID 1827-28.)  He later

acknowledges, however, that an officer's on-the-scene assessment of probable

cause provides legal justifications for an arrest and brief detention, provided the

individual is then timely presented before a magistrate judge.  (*Id.* at Pg ID 1829.)

Plaintiff has not claimed, however, that Morin or Kelley delayed his

presentment to a magistrate judge.[4]  In his motion for partial summary judgment,

Plaintiff instead asserted that Morin and Kelley violated his rights by arresting him

---

[4] Moreover, Plaintiff indicates in his objections that the charges against him were
dropped due to the delay in presenting him before a magistrate judge.  (ECF No.
154 at Pg ID 1824.)

without probable cause and then making false and misleading statements at his parole violation hearing about the incident leading to his arrest. (*See, e.g.*, ECF No. 104 at Pg ID 786-87, 792.) There is evidence in the record contradicting Plaintiff's version of the events leading to his arrest. (*See, e.g.,* ECF No. 115 Exs. 1-6.) As such, the Court is adopting Magistrate Judge Grand's recommendation to deny Plaintiff's motion for partial summary judgment with respect to his due process claim against Morin and Kelley. *See* Fed. R. Civ. P. 56 (providing that the court shall grant summary judgment only if the movant shows that there is no genuine dispute as to a material fact).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for extension of time to file objections (ECF No. 146) is **GRANTED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Grand's November 1 and 15, 2018 orders (ECF No. 131 and 134) are **AFFIRMED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 104) is **DENIED**.

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 6, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury
Case Manager