UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY D. ROGERS,

    Plaintiff,

v.                                                            Civil Case No. 16-12735
                                                            Honorable Linda V. Parker

MATTHEW RYAN, ET AL.,

    Defendants.
_____/

## OPINION AND ORDER ADDRESSING MAGISTRATE JUDGE'S MAY 2, 2019 REPORT AND RECOMMENDATION AND PLAINTIFF'S OBJECTIONS THERETO

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 on July 19, 2016, which arises from Plaintiff's arrest three years earlier. The Court has referred the matter to Magistrate Judge David R. Grand for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9.) The matter is presently before the Court on Plaintiff's objections to an order issued by Magistrate Judge Grand on May 2, 2019. (ECF No. 168.)

In that order, Magistrate Judge Grand denied Plaintiff's request to file a Second Amended Complaint to plead "official capacity" claims against the individual defendants because an official capacity claim is another name for a *Monell* claim against a municipality and Plaintiff already has been denied leave to assert such a claim. Magistrate Judge Grand also struck the Amended Complaint

Plaintiff filed on April 18, 2019, because Plaintiff did not obtain leave of court to file the amended pleading and had previously been precluded from adding the defendants he names in the pleading. Plaintiff filed objections to Magistrate Judge Grand's order on May 20, 2019, which are signed and dated on May 15, 2019. (ECF No. 170.)

## Standard of Review

Magistrate Judge Grand's May 2, 2019 order was a non-dispositive decision. When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm unless the objecting party demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

## Analysis

In his objections, Plaintiff argues that he should be permitted to add official capacity claims against the individual defendants because they allegedly violated his rights while performing their duties as police officers. Plaintiff's objections—as well as his continued attempts to amend his complaint—suggest that he still does not appreciate the difference between his claims against these officers in their "individual capacities" as police officers and a claim against them in their "official capacities"—which is not surprising as these concepts are not straight-forward and may be confusing to individuals untrained in the law.

Plaintiff's § 1983 claims against Defendants in their individual capacities seeks to hold them liable for their conduct *as state actors* which allegedly deprived Plaintiff of his federal constitutional rights. *See* 42 U.S.C. § 1983. Personal liability against a state official in his or her individual capacity can be established under § 1983 by showing "that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In comparison, a claim against a defendant in his or her official capacity "is not a suit against the official but rather is a suit against the official's office[.]" *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). To establish official capacity liability, a plaintiff must: "(1) identify a municipal policy or custom; (2) connect that policy or custom to the municipality; and (3) show that the execution of the

policy or custom caused a constitutional injury." *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993); *see also Graham*, 473 U.S. at 166 (noting that official capacity suits are treated as suits against the governmental entity and that a municipality's " 'policy or custom' must have played a part in the violation of federal law"). Magistrate Judge Grand has not allowed Plaintiff to plead an official capacity claim because he presents no allegations suggesting that a policy or custom of the City or Detroit Police Department was the moving force behind the alleged violations of his civil rights.

For that reason, Magistrate Judge Grand's decision was neither "clearly erroneous" nor "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

This Court therefore rejects Plaintiff's objections and **AFFIRMS** Magistrate Judge Grand's May 2, 2019 order (ECF No. 168.)

**IT IS SO ORDERED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: June 20, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 20, 2019, by electronic and/or U.S. First Class mail.

> s/ R. Loury
> Case Manager