UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. RODNEY ROGERS,

      Plaintiff,                    Civil Case No. 16-12735
                                        Honorable Linda V. Parker

v.

MATTHEW RYAN, et al.,

      Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS *IN LIMINE*
(ECF NOS. 210, 211)**

      This matter is presently before the Court on two motions *in limine* filed by Defendants.  (ECF Nos. 210, 211.)  In one motion, Defendants seek to preclude Plaintiff from offering any Detroit Police Department policies into evidence.  (ECF No. 210.)  In the other motion, Defendants seek to preclude Plaintiff from offering any evidence of their prior misconduct.  (ECF No. 211.)  Plaintiff filed a response to Defendants' motions.  (ECF No. 212.)

**Standard of Review**

      District courts have broad discretion over matters regarding the admissibility of evidence at trial.  *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1218 (6th Cir. 1987) (citations omitted).  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the

district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court may therefore alter its ruling during the course of the trial. *Luce*, 469 U.S. at 41-42. Motions *in limine* may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts should rarely grant motions *in limine* that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility when they arise." *Id.*

## Discussion

## Police Department Policies

As Plaintiff is not suing the Detroit Police Department in this matter and, therefore, has not asserted a *Monell* claim, Defendants contend that the department's policies are irrelevant and should be excluded as evidence at trial under Federal Rule of Evidence 401. Defendants argue that any evidence that they violated the department's policies would not establish that they violated Plaintiff's

constitutional rights.  Defendants maintain that this evidence will only confuse and mislead the jury and thus, even if relevant, should be excluded under Federal Rule of Evidence 403.

Plaintiff alleges that Defendants violated his Fourth Amendment rights by using excessive force against him when they arrested him on July 19, 2013.  To analyze this claim, the jury will have to decide whether the officers' conduct was objectively reasonable under the circumstances.  *See Graham v. Connor*, 490 U.S. 386, 397 (1989).  Violations of police department or municipal policies do not demonstrate the violation of a constitutional right.  *See Coitrone v. Murray*, 642 F. App'x 517, 522 (6th Cir. 2016) (citing *Cass v. City of Dayton*, 770 F.3d 368, 377 (6th Cir. 2014)).  Nevertheless, those policies may assist a jury when deciding whether a defendant's conduct was objectively reasonable as such policies may reflect what officers are instructed to do under the circumstances presented.  *See Philips v. Roane Cnty., Tenn.*, 534 F.3d 531, 541 (6th Cir. 2008) (relying on prison protocols to assess whether correctional officers acted in deliberate indifference to inmate's serious needs); *see also Parnell v. Billingslea*, No. 17-cv-12560, 2020 WL 9990017, at *8 (E.D. Mich. Mar. 2, 2020) ("a review of the law on this issue reveals that district courts in this Circuit do not categorically exclude [department policies as evidence]" and citing cases).  Any jury confusion or possible prejudice can be avoided through an instruction informing the jurors that the violation of

3

departmental policy does not establish the violation of a constitutional right and that such evidence is relevant only to assess the reasonableness of the officers' actions.

Therefore, the Court is denying Defendants' motion *in limine* to preclude Plaintiff from introducing any Detroit Police Department policies at trial.  Neither party has presented the Court with the exact policies Plaintiff has listed on his exhibit list.  If Plaintiff seeks to use any policy at trial, Defendants may renew their motion to argue that the policy is not relevant to the conduct at issue.

### Prior Misconduct

Defendants seek to preclude Plaintiff from introducing any "evidence, argument, or comment from any source whatsoever" reflecting their prior misconduct.  Defendants argue that such evidence, argument, or conduct "must be excluded as irrelevant, unfairly prejudicial, improper character evidence, impermissible evidence of compromise, lack of personal knowledge by investigators, and inadmissible hearsay …."  (ECF No. 211 at Pg ID 2393.) Plaintiff indicates in response that he does not intend to offer such evidence in his case in chief, but only as possible impeachment evidence.

Whether Plaintiff should be able to use evidence of any defendant's prior misconduct for impeachment purposes is a determination that cannot be made without knowing what the specific evidence is and the context in which it is

offered.  The Court is therefore denying Defendants' motion to preclude evidence of prior misconduct.  Defendants may renew their motion at trial if specific evidence is offered.

Accordingly,

**IT IS ORDERED** that Defendants' Motion *in Limine* Regarding Policies (ECF No. 210) and Motion *in Limine* Regarding Past Conduct (ECF No. 211) are **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker_____
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: October 29, 2020