UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY D. ROGERS,

        Plaintiff,

                                    Civil Case No. 16-12735
v.                                    Honorable Linda V. Parker

MATTHEW RYAN, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' "MOTION TO DISMISS DUE TO KNOWING AND INTENTIONAL VIOLATION OF COURT ORDER" (ECF NO. 241)

This civil rights action filed pursuant to 42 U.S.C. § 1983 is awaiting trial. The Court held a final pretrial conference on March 9, 2022. Prior to that date, the parties failed to submit a completed proposed final pretrial order. According to Defendants, this omission was due to Plaintiff's failure to sign the proposed order and to provide a list of exhibits, which would enable Defendants to state any objections to their admission. At the conference, the Court instructed counsel to confer and submit a proposed final pretrial order on or before March 25.

No order was submitted to the Court by the deadline. Claiming that the failure was due to a lack of cooperation by Plaintiff's counsel, Defendants filed a "Motion to Dismiss Due to Knowing and Intentional Violation of Court Order" on March 28, 2022. (ECF No. 240.) In the motion, Defendants represent that they

"sought Plaintiff [sic] concurrence in the relief sought in th[e] motion and did not receive the same." (*Id*. at Pg ID 2475, ¶ 9.) Plaintiff filed a response to the motion, contesting the statement of concurrence and assertion that Plaintiff's counsel has failed to cooperate in finalizing the final pretrial order. (ECF No. 241.)

The Local Rules for the Eastern District of Michigan require a movant to seek the concurrence of the opposing party prior to filing a motion. E.D. Mich. LR 7.1(a)(1). If concurrence is not obtained, the rule requires the moving party to state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought[ ] or . . . despite *reasonable* efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a) (2) (emphasis added). Defendants' motion does not satisfy this rule. Moreover, according to Plaintiff, defense counsel sent an email to Plaintiff's counsel at 10:22 a.m. on March 28, seeking concurrence in the dismissal of the case due to Defendants having an insufficient opportunity to review Plaintiff's portion of the final pretrial order and threatening to file a motion. (*See* ECF No. 241 at Pg ID 2480, ¶ 5.) The motion was filed four hours later.

Leaving a voicemail for opposing counsel a few hours before filing a motion does not constitute a "reasonable effort[]" to seek concurrence. As one judge in this District has explained with respect to the rule's "conference" requirement:

> The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Nov. 2010), available at http://www.oed.com:80/Entry/38740 (last visited February 3, 2011). The idea behind the rule requiring counsel to "meet[ ] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention. The point was made well by the court in *Loparex, LLC v. MPI Release Technologies, LLC*, Case No: 09-1411, 2011 WL 1871167 (S.D. Ind. May 16, 2011):
>
> > "The local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive. Real-time interaction often provides the best forum for hashing out disputes, whereas a faceless exchange of carefully worded and often pointed emails usually solves little except perhaps providing a false moment of triumph to the person pressing the 'send' button." 2011 WL 1871167, at *2.

*Shehee v. Saginaw Cnty.*, No. 13-13761, 2014 WL 12604850, at *1 (E.D. Mich. Nov. 19, 2014) (brackets in original). Acknowledging that it is sometimes difficult for counsel to expeditiously confer, the court observed in *Shehee* that the rule, in that instance, allows the movant to explain the efforts to confer with his or her opponent. *Id.* However, as the court further observed, "those efforts must be 'reasonable,' and the explanation must be complete." *Id.* There must be "meaningful, good faith compliance with the rule." *Id.*

3

Defendants' efforts to obtain concurrence prior to filing their motion were not reasonable. Therefore, the Court is denying their motion. Nevertheless, Plaintiff is not without fault.

The proposed final pretrial order was due to the Court on March 25 and the failure to submit a signed and completed order prior to the March 9 conference appears to have been due to Plaintiff's neglect. Plaintiff's counsel should not have waited for defense counsel to initiate the conversation to complete the final pretrial order—which he apparently did as Plaintiff complains in response to the motion that defense counsel only contacted him by email on March 25 about finalizing the order for filing. (*See* ECF No. 241 at Pg ID 2481, ¶ 10.) The Court understands the physical challenges Plaintiff's counsel recently faced. However, the Court and Defendants already have been generous in excusing delays due to those obstacles.

Therefore, the Court is extending the deadline for the parties to submit their agreed upon final pretrial order to April 15, 2022. Prior to that deadline, but after April 10 (i.e., the date defense counsel returns from vacation), Plaintiff's counsel shall submit a proposed final pretrial order to Defendants which lists Plaintiff's proposed exhibits. Plaintiff's counsel also must make reasonable efforts to contact Defendants' counsel to arrange a date and time before April 15 to meet and finalize the order. The failure of Plaintiff's counsel to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 37(b).

4

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Due to Knowing and Intentional Violation of Court Order (ECF No. 240) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for the parties to submit an agreed upon final pretrial order is extended to April 15, 2022, and Plaintiff must comply with this Court's instructions in facilitating its finalization.

**IT IS FURTHER ORDERED** that the status conference is rescheduled for **Thursday, April 21, 2022 at 2:00 p.m.**

**IT IS SO ORDERED.**

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: April 7, 2022